LOTTIE DULL, Appellee, v. THOMAS DULL, Appellant.

**DIVORCE:** Modification of Alimony Provisions Because of Remarriage. Alimony decrees for the benefit of minor children will not be modified on the sole ground that the plaintiff mother has remarried, especially when there is no showing of change in the financial condition of the parties.

*Appeal from Mahaska District Court.*—HENRY SILWOLD, Judge.

APRIL 6, 1920.

THE trial court refused to modify an allowance of alimony. Therefore, defendant appeals.—*Affirmed.*

*J. G. Patterson,* for appellant.

*W. H. Keating* and *David S. David,* for appellee.

SALINGER, J.—The alimony provision charges the defendant with supporting plaintiff and their minor child, to the extent of contributing $4.00 per week, payable semimonthly. It is from this obligation that the appellant seeks to be relieved. It may fairly be said that he urges but one reason for the modification in question, and that is that, since the divorce, his wife has remarried. There is no substantial evidence whatever that conditions have otherwise substantially changed since the divorce was granted. It fairly appears from the record that, though the alimony provision in terms includes both the plaintiff and the minor child, the parties understood it to be a provision for that child only. We would be very loath to hold that, when this father became divorced from this mother, that he also became divorced from the child that he had brought into the world. We should make such a pronouncement only if the law imperatively compelled it. We conclude, on the contrary, that the law demands we shall not cancel this obligation for the support of this child merely because the mother has remarried. For aught that appears in this record, the child might starve, so far as either the willingness or ability of the stepfather to support it is concerned. As said, there can be no reversal, unless the naked fact of the remarriage is a sufficient ground for reversing. Whatever may have been the state of the law in the past, it is settled in this jurisdiction, and rightly, that the remarriage alone affords no ground for such a modification as is here sought. It seems to us that the many cases requiring proof of a change in financial ability are, in themselves, sufficient to sustain that conclusion. But we think it is expressly sustained in *Daniels v. Daniels,* 145 Iowa 422.

In view of the conclusion reached, we have no occasion

to pass upon the objection made by appellee, that this proceeding should have been instituted by supplemental petition, rather than by motion. See *Schlarb v. Schlarb*, 168 Iowa 364, at 371. We are fully satisfied that the order below is right, and it is—*Affirmed*.

WEAVER, C. J., EVANS and PRESTON, JJ., concur.