A. M. KRUCKMAN, Appellant, v. MINNIE KRUCKMAN, Appellee.

No. 39770.

MARCH 18, 1930.

*Helsell, McCall & Dolliver,* for appellant.

*Seth Thomas,* for appellee.

ALBERT, J.—On May 15, 1922, a decree of divorce was en-

tered in the Webster County district court in favor of the defendant, in which certain property, consisting of the home of  the parties and the contents, together with $7,500, was granted to the defendant as alimony, "for the care and support of the defendant and said minor child (Arthur M. Kruckman, Jr.)," which child, at that time, was ten years of age. Plaintiff in his petition alleges—and the defendant admits—that the approximate value of this alimony was $20,000. The decree further provided that:

"The plaintiff should pay to the defendant, for the care and support of the said minor child, the sum of $50 on the first day of each calendar month during the minority of the said child."

The custody of the child was given to the defendant.

On August 15th following the decree of divorce, the defendant, Minnie Kruckman, and one Richard C. Cox were married, in the city of Omaha. They returned, and subsequently occupied the home that Mrs. Kruckman had acquired from her husband under the divorce decree. This home was later sold for $10,000. The defendant testifies that her present husband, Cox, has always provided her with food, clothing, and shelter, and performed his duties as a husband. She testified: "I have no complaint to make about that."

The first point urged on our attention by the appellee is that this is the second application for a modification, and that the ruling on the former application is *res adjudicata* as to this  application. With this we do not agree, as the question is not before us. No such plea or contention was made in the lower court; hence it is not before us.

Appellee insists, on the strength of *Delbridge v. Sears*, 179 Iowa 526, that the court is without authority to change or make a modification which will be retroactive in its effect. No such application is here made, and no request is made to have the modification retroactive. The evidence shows, without dispute, that this woman possesses the $20,000 which was originally given to her under the decree, for the support of herself and child. She has practically since that time obtained her support from her present husband, and

she says she is satisfied with such support; hence the $20,000 in her hands may be used for the support of the child, and this should be sufficient to support it until it reaches its majority. This is especially true in the light of the amount that has since been paid in monthly installments by the father.

It would seem that this situation comes squarely within the rule announced in *McNary v. McNary*, 206 Iowa 942, that it would be a wrong and an injustice, under these circumstances, to require the father to continue these $50 monthly payments. While it may be true that the stepfather is under no obligations to pay for the support of this minor child (*Dull v. Dull*, 188 Iowa 941), yet there seem to be abundant funds in the hands of the mother now for the support of this minor child. The defendant relies wholly for her contention on the *Dull* case; but the facts here are wholly different from those in that case, where there was a small weekly allowance for the support of the child, and because of the remarriage of the woman (she having procured the divorce), and the allowance of alimony, the former husband insisted that the alimony should be canceled in the future. It was apparent in the *Dull* case that there was nothing for the support of the child except the weekly payment of $4.00 a week, and it was there said that there could be no reversal unless the naked fact of the remarriage were a sufficient ground therefor. We think the *Dull* case, under the facts, was rightly decided; but it is wholly different in its facts from the case before us, and in the *Dull* case, the remarriage alone, under the facts, was not sufficient to warrant a modification.

We have given thoughtful consideration to this case, and in our opinion, the allowance of $50 a month for the support of this minor child should be canceled and set aside. At this writing, the boy is 17 years of age, and in the second year in high school. The amount of funds in the hands of the mother already paid to her is abundantly sufficient to take care of this boy until he is 21 years of age, and we know of no reason why the father should be called upon to further contribute. Under the fact situation, the relation and situation of these parties having changed by the changed relation of the wife to this fund in her hands, the fact that her situation after remarriage does not call upon the use of any of this fund for her support, and.

the fact that the husband's financial condition has changed to his detriment, we think is sufficient to show such a changed condition as warrants the findings herein made. The district court held otherwise.—*Reversed.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.