MYRTLE G. KELLER, Appellant, v. ELERY E. KELLER, Appellee.

No. 41312.

 

June 24, 1932.

Edward J. Dahms, for appellant.

Carl F. Jordan, for appellee.

Faville, J.—On or about May 20, 1930, the parties to this action were divorced. At that time the appellant was awarded alimony in the sum of $50 per month, to be paid by the appellee as support for the child of said parties, a son, who at said time was about fifteen years of age. One year after the date of said divorce the appellant married. Her husband has no children, and the minor son, whose custody was awarded to the appellant, continues to reside with her. The appellee has also remarried and his present wife has a minor child, who lives with the appellee. At the time of the divorce the appellee, who is a railroad employee, was earning from $185 to $190 a month, and in some instances, as high as $225 a month. At the time of the modification of the decree his wages had been reduced to an average of about $165 a month. The original award of alimony was for the support of said child until he should reach the age of twenty-one years. It appears that at said time the appellant had to pay $17 a month for house rent, which item she no longer is compelled to pay.

The sole question for us to determine is whether, under the record, the circumstances are such as to render expedient a change in the original judgment and decree respecting said alimony. Code, section 10481. It is true that the fact of remarriage by the parties in and of itself is not to be considered as such change of circumstances as will require a modification of

the decree allowing alimony; yet, if there are facts and circumstances growing out of any cause which amount to the changes contemplated by the statute which render a modification expedient and proper, then the relief will be granted. Nicolls v. Nicolls, 211 Iowa 1193. The record affirmatively shows that there has been a substantial decrease in the earnings of the appellee since the decree awarding alimony was entered. It is also a matter of common knowledge that there has been a decrease in the cost of living during said period of time.

In view of the changed conditions proper to be considered, we are disposed to concur in the conclusion of the trial court that the award of alimony for the support of said minor child, as originally made, should be modified. The trial court reduced the alimony to $25 per month. We think, however, that the ends of justice will be best served by fixing the amount of said award at $30 a month. The decree of the trial court will be modified to the extent of fixing the monthly allowance of alimony at $30 a month. In all other respects it will be affirmed. The costs of this appeal will be taxed one half to the appellant and one half to the appellee.—Modified and affirmed.

WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.