In the Matter of the Estate of IRVING A. MERRILL, Deceased.*
MABEL MERRILL DAVIDSON, Appellant; MARGARET REGAN (MERRILL), Administratrix, etc., of IRVING A. MERRILL, Deceased, Respondent.

Fourth Department, June 26, 1935.

* Revg. 143 Misc. 110.

*Dan T. Burke*, for the appellant.

*Willard R. Pratt*, for the respondent.

PER CURIAM. Decedent and appellant were legally married in 1903 and were not divorced before decedent's death in 1931. No effort was ever made to annul the marriage and the proof fails to show a diligent inquiry by decedent at any time after their separation in 1916 to ascertain whether the appellant was alive. On the contrary, there is convincing proof that during the entire period of decedent's cohabitation with the respondent, which commenced within one year after the appellant and decedent were separated, his attitude upon the question whether appellant was alive was indifferent and indicated a passive acceptance of his separation from the appellant rather than a diligent inquiry on his part as to whether she was alive. "The inquiry must be made with an honest effort to find out the truth, not to overlook it * * *. A careless or dishonest inquiry affords no protection." (*Stokes* v. *Stokes*, 198 N. Y. 301, 308.) Furthermore, the proof of meretricious relations between decedent and the respondent, followed by long-continued cohabitation, and the evidence that decedent acknowledged to various individuals that respondent was his wife and she was so regarded, is not sufficient to establish a common-law marriage (*Graham* v. *Graham*, 211 App. Div. 580, 583), especially in view of the legal impediment created by decedent's existing marriage to appellant which he had taken no legal steps to annul. As the record fails to show facts which, in legal effect, terminated the marriage between appellant and the decedent, it follows that upon decedent's death the appellant became his widow and is accordingly entitled to letters of administration upon his estate.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Decree reversed on the law and facts, with costs, and matter remitted to the Surrogate's Court for further proceedings.