CLAIRE HOOVER CARRELL, appellant, v. EDNA C. CARRELL, executrix of estate of Dale E. Carrell, Sr., deceased, appellee.

No. 49720.

(Reported in 96 N.W.2d 315)

MAY 5, 1959.

REHEARING DENIED JUNE 12, 1959.

Edward L. O'Connor, of Iowa City, for appellant.

984

Robert H. Walker and Charles O. Frazier, both of Keokuk, for appellee.

THORNTON, J.—Whether a provision in a divorce decree providing for monthly alimony "as long as defendant [wife] remains unmarried" shows the intent of the trial court to continue such payments after the decease of the husband, is the question before us. If the intent is not clear it is not necessary for us to determine whether the court has such power under section 598.14 of the 1958 Code of Iowa.

The decedent obtained a divorce from the appellant in 1942. The decree required the decedent to pay the wife, appellant here, "the sum of $160 per month as long as defendant remains unmarried." The decedent (Dale E. Carrell, Sr.) died January 9, 1958, and was paid up to January 1, 1958. There is no question of past-due installments. The trial court denied the claim and we agree.

We have heretofore recognized the general principles involved. In Mullen v. Mullen, 246 Iowa 1255, 1261, 69 N.W.2d 420, 423, we quoted from In re Estate of Yoss, 237 Iowa 1092, 1094, 24 N.W.2d 399, 400, as follows:

" 'It is undoubtedly the general rule that periodic payments of alimony to a divorced wife terminate, or at least are presumed to terminate, upon the husband's death, in the absence of a provision in the decree which requires the payments to continue after such death. 17 Am. Jur. 473, section 608; 27 C. J. S. 998, 999, section 240b; 2 Schouler on Marriage, Divorce, Separation and Domestic Relations, Sixth Ed., 1995, section 1833; annotations 18 A. L. R. 1040, 1045, 101 A. L. R. 323, 324. There is some authority that a court has no power without the husband's consent to require payments of alimony to continue after his death. Ibid. In general, the reason for the above general rule is that an allowance of alimony is a substitute for the right of marital support and since such right of support terminates upon the husband's death, periodic payments of alimony should also terminate with the husband's death.' * * * And we further therein held: 'Effect is to be given to that which is clearly implied as well as to that which is expressed [in the decree].' And in the cited case we stated: 'In determining the effect of

the decree the agreement is properly to be considered * * *.' See also annotations in 39 A. L. R.2d 1412 (1955) relative to the intention of a court as determined by the provisions of a decree." .

In the Yoss case, supra, the payments were provided "during the life of the wife" and the decree adopted the stipulation of the parties containing such provision and this court affirmed the order of the trial court allowing the wife's claim. In the Mullen case the decree incorporated a stipulation of the parties which required payments " 'so long as the plaintiff shall live, the sum of $500 per month, subject, however, to conditions as hereinafter set out in this decree.' " The other conditions gave the wife the income from a farm after the decease of the husband. This court held there was no intention on the part of the court or the parties to hold the husband's estate liable for payments falling due after the death of the husband.

In the case at bar there is no stipulation of the parties. We have only the decree and there is no other portion of the decree that refers to or modifies the quoted words. We are simply determining the court's intention from the decree. We have not been cited to a case that holds that a limitation as to the payments on remarriage of the wife shows the intent to bind the husband's estate after his death, nor have we found any. The cases cited by the appellant containing provisions "during the life of the wife" or "so long as she shall live" are not helpful here. It appears that the court was dealing only with the situation upon the remarriage of the wife. See 17 Am. Jur., Divorce and Separation, sections 703 and 704; Kruckman v. Kruckman, 209 Iowa 1218, 229 N.W. 700; and Dull v. Dull, 188 Iowa 941, 176 N.W. 953.

The provision here does not show the intent of the court to depart from the general rule and make provision for alimony payment for the wife after the death of the husband. For a case holding squarely on this question see Snouffer v. Snouffer, 132 Ohio St. 617, 9 N.E.2d 621; also 39 A. L. R.2d 1406. As before indicated it is not necessary that we decide on the power of the court to so provide.—Affirmed.

All JUSTICES concur.