LOUISE PIACQUADIO *v.* JOSEPH PIACQUADIO

SUPERIOR COURT    FAIRFIELD COUNTY AT BRIDGEPORT    FILE NO. 37451

Memorandum filed January 13, 1960

*J. Richard Fay,* of Norwalk, for the plaintiff.

*Lovejoy & Cuneo,* of Norwalk, for the defendant.

HOUSE, J.   On April 1, 1932, the plaintiff was granted a decree of divorce from the defendant for intolerable cruelty.  She was granted custody of the minor children of the parties and awarded alimony of $10 a week.  On a motion dated September 18, 1936, alleging that the defendant owed to the plaintiff $1770 in arrears of alimony, the defendant was cited to appear to show cause why he should not be adjudged in contempt of court and the plaintiff "be granted such relief as is by statute in such case made and provided."  By motion dated October 1, 1936, the defendant moved that the April 1, 1932, order concerning alimony be revoked.  The file discloses no finding of contempt but that on October 8, 1936, an order was entered modifying the order as to alimony by reducing the weekly payments from $10 to $4.

Thereafter, so far as the evidence and records of the court disclose, there was nothing further done in the matter for twenty-three years until in November, 1959, the plaintiff filed a motion that the defendant be adjudged in contempt of court.  No action of the court is sought except that the defendant "be adjudged in contempt of court, and he be punished therefor."  The motion as originally filed alleges the April, 1932, order of $10 a week, makes no reference to the 1936 modification, alleges that the defendant has never made payment of the $10 weekly alimony and that the present arrears total $14,360.

At the time of hearing, an amendment to the motion was filed which alleges the 1936 modification and a corrected alleged arrearage of $6586. No additional or other petition for relief was filed. The sole action sought from the court remains the petition that the court find the defendant in contempt of court and punish him therefor.

There is no doubt that the defendant has not paid the instalments of alimony for something like twenty years, nor has the plaintiff made any demand for payment during that period. The defendant does not recall ever paying any $10 instalment but did pay some $4 instalments until, sometime after 1936, he learned that the plaintiff had given birth to a child by another man, at which time he stopped payments. He has, with the passage of the years, lost all of his records and receipts except for two payments made in January, 1939. According to the plaintiff, the defendant has never paid any of the instalments of alimony for the past twenty-seven years.

A claim of the defendant should be noted briefly. It is that the conduct of the plaintiff with one James DeMilo, subsequent to the divorce, which conduct resulted in the birth of a child in March, 1934, established a common-law marriage between the plaintiff and DeMilo under the law of New York where they resided. It is true that the subsequent remarriage of a divorced woman gives rise to an inference of abandonment of her right to alimony. See *Cary* v. *Cary,* 112 Conn. 256, 261; *Kornos* v. *Kornos,* 19 Conn. Sup. 204; note, 48 A.L.R.2d 270, "Alimony— Effect of Remarriage." However, not only has the defendant failed to produce evidence to establish the essential requirements of proof of a common-law marriage under the law of New York (see *Castellani* v. *Castellani,* 28 N.Y.S.2d 879; *Fidanque* v. *Fidanque,* 195 Misc. 965; *In re Wynne's Estate,* 194 Misc.

459) but it does appear that during the time of the plaintiff's misconduct with DeMilo he was already married. (See *Matter of Merrill,* 245 App. Div. 323; *Castellani* v. *Castellani,* supra, 886). This defense of an alleged common-law marriage has not been established.

The issue on the present motion is, therefore, a very narrow one. The plaintiff seeks no relief except a finding that the defendant is in contempt of court and that he be punished. The defendant seeks no modification of the 1932 order as modified in 1936. Under the circumstances, should the court make a finding of contempt and punish the defendant?

The power of the court to enforce its decree for alimony by proceedings in contempt cannot be doubted. Since the case of *Lyon* v. *Lyon,* 21 Conn. 185, 199 (1851), it has been considered "as a most proper and salutary mode of proceeding, where the exigency of the case requires it." See also *German* v. *German,* 122 Conn. 155, 163; 2 Schouler, Marriage, Divorce, Separation and Domestic Relations (6th Ed.) § 1835. However, while a wife's long delay in attempting to enforce alimony payments does not destroy or affect the obligation of the husband to obey the order of the court, such delay is properly to be considered in determining whether a husband should be held in contempt for failure to pay. Not only may a wife's right to alimony be abandoned *(Cary* v. *Cary,* supra, 262; *Kornos* v. *Kornos,* supra, 205) but by her laches a divorced wife may be barred from the equitable aid of the court to secure payment of alimony arrears through use of the power of the court to punish for contempt. 17 Am. Jur. 811, § 792; note, 137 A.L.R. 884, 894, "Statute of Limitations, laches or acquiescence as defense to action or proceeding for alimony or support of child allowed by decree or order of court"; 27B C.J.S. 98, § 260 (d); *Hamilton* v. *Hamilton,* 104 Colo. 615; *Smith*

v. *Smith,* 246 Mich. 80; *Sax* v. *Sax,* 130 Misc. 696; Schouler, op. cit., § 1856. It is also interesting to note that historically the ecclesiastical courts, which early had jurisdiction of such matters, ordinarily would not enforce payments of alimony more than one year in arrears. 17 Am. Jur. 811, § 791. Here there has been an inexcusable twenty-three-year delay on the part of the plaintiff in asserting her right, and that delay has been prejudicial to the defendant. Such delay and prejudice are the essential elements of laches. *Kurzatkowski* v. *Kurzatkowski,* 142 Conn. 680, 684; *Bahr Corporation* v. *O'Brion,* 146 Conn. 237, 249; *Gage* v. *Schavoir,* 100 Conn. 652, 664.

Also, the conduct of the plaintiff resulting in the birth of a child by another man subsequent to the divorce is not without significance in the case. It is true that "at least apart from unusual circumstances, the great weight of authority holds that, in the case of an absolute divorce, misconduct of a wife after the decree is granted is no ground for depriving her of alimony which has been awarded her, and this conclusion is most commonly put upon the ground that after the divorce she no longer is in any way responsible to her former husband for her conduct." *Christiano* v. *Christiano,* 131 Conn. 589, 596. Nor is it necessary to determine whether the conduct of the plaintiff here was such conduct as the Supreme Court of Errors had in mind in the same decision (p. 597) in suggesting that "the defendant might be excused by conduct so flagrant that, even if he and the plaintiff were still united in the bonds of marriage, he would not be required to support her." The real significance of the conduct of the plaintiff and the knowledge by the defendant of that conduct is that he in good faith believed that the circumstances giving rise to the birth of the plaintiff's daughter relieved him from the responsi-

bility of continuing alimony payments. Proper procedure required him to apply to the court for an adjudication of that question. The decree of the court continued, and continues, in force until vacated or modified. The belief of the defendant is, however, material on the question of any punishment that might be imposed. He acted upon the basis of that not unreasonable belief and not in "palpable, wilful and utterly inexcusable" disobedience to the court or " 'in opposition to the authority, justice and dignity thereof,' " which is the case in most contempt proceedings. *Lyon* v. *Lyon,* 21 Conn. 185, 199; *McCarthy* v. *Hugo,* 82 Conn. 262, 264.

The court would prefer to adjudicate fully the several unsettled issues arising out of the circumstances disclosed by this motion but must confine itself to the issue raised by the limited pleadings filed. On that single issue, it appears that the defendant has failed to comply with an order of this court but under such circumstances that the court is constrained to withhold any substantial punishment.

Accordingly, the defendant is found to be in contempt of court for his failure to the date of the hearing on this motion to comply with the decree of the court concerning alimony payments to the plaintiff, and for that failure he is censured. No other or additional penalty is imposed.