RUTH HOLESINGER, appellant, v. GERALD HOLESINGER, appellee.

No. 50184.

(Reported in 107 N.W.2d 247)

January 11, 1961.

Holleran, Holleran & Shaw, of Clinton, for appellant.

L. L. Jurgemeyer, of Clinton, for appellee.

LARSON, J.—Plaintiff and defendant were divorced June 19, 1959, and pursuant to an agreement between them the court's decree awarded plaintiff the custody of their 12-year-old child, Bonnie, $20 per week for her support until she reaches the age of 18 years, or is married, the household furniture, with the exception of a shuffleboard and a Cold Spot refrigerator, and a lump sum alimony of $2000. The decree also required defendant to carry medical and hospitalization insurance and to make Bonnie the irrevocable beneficiary of certain life insurance issued in connection with his employment until she reached 18 years of age.

Defendant received title to a 1955 Mercury and to the home which he later sold for $10,000.

Two months after the divorce was granted, plaintiff filed an application for permission to marry. While it was not heard, she did marry Arnold Zastrow, her present husband, on September 26, 1959, in Rockford, Illinois, and they reside in Clinton, Iowa.

Although plaintiff had worked off and on for several years prior to the divorce, she was not employed at the time it was granted. She did not work thereafter until March 3, 1960, when she obtained employment at the Clinton National Bank. She receives $28.50 per week for her services from 8:45 a.m. until 2:30 p.m. Her present husband earns between $4200 and $4500 per year, and it was admitted this is ample to care for plaintiff, furnish a home for Bonnie, and permit him to pay $50 per month child support due to his previous marriage and divorce.

Defendant's take-home pay on June 19, 1959, was $81 per week, and at the present time is about $85 per week.

Under the record the trial court found there had been a substantial change of circumstances and, due to those changed

conditions, reduced the $80 per month child-support payments to $50 per month. We are not disposed to disturb that determination.

I. In a matter of this kind the trial court has a good deal of discretion and, although our review is de novo, we have said repeatedly that considerable weight will be given to its findings of fact, and that, where supported by such findings, we will not interfere with a reasonable modification by that court. This is especially true where, as here, the same judge heard both the divorce and the modification matters. Pearson v. Pearson, 247 Iowa 437, 442, 74 N.W.2d 224, and authorities cited therein. In such cases there is a strong presumption that the changed circumstances disclosed were not contemplated by the court when the original decree was entered. This would be especially so where, as here, only a comparatively short period had elapsed since the original matter was heard and decided.

II. Of course, not every change of circumstances is sufficient basis for modification of a divorce decree. The changed circumstances relied upon, we have often said, must be substantial and be such as were not within the knowledge or contemplation of the court when making the original award. Keyser v. Keyser, 193 Iowa 16, 186 N.W. 438, and citations; Apfel v. Apfel, 238 Iowa 274, 277, 27 N.W.2d 31, 33, 34; Newburn v. Newburn, 210 Iowa 639, 641, 642, 231 N.W. 389; Pearson v. Pearson, supra. Also see annotation, 18 A. L. R.2d 10, 21.

The rule we follow was announced in Kinney v. Kinney, 150 Iowa 225, 228, 129 N.W. 826, 827, where we said: "To justify the court in modifying the decree by subsequent judgment or order, it is the established law of this state that some material change must be shown in the circumstances of the parties, financially or otherwise, making it equitable that other and different terms should be imposed."

III. It is true the burden rests on the applicant for modification to show such a change of circumstances by a preponderance of the evidence. Shepard v. Gerholdt, 244 Iowa 1343, 1346, 60 N.W.2d 547, 549; Paintin v. Paintin, 241 Iowa 411, 416, 41 N.W.2d 27, 30, 16 A. L. R.2d 659, 663, and citations; 27B C. J. S., Divorce, section 322(3)g. The provisions of a

divorce decree regarding support payments are final as to the circumstances then existing. Pearson v. Pearson, supra, and citations. Thus, the two principal questions before the court in the present case are: (1) Under the record, has there been a subsequent material and substantial change in circumstances sufficient to warrant a modification, and if so, (2) was the reduction of $30 per month justified under the record? The amount of reduction admits of more discretion, while certain well-established rules laid down by this court seem to govern what is a material and substantial change in circumstances. Nevertheless we have said as late as 1952 in Kuyper v. Kuyper, 244 Iowa 1, 4, 55 N.W.2d 485, 486: "* * * in cases of this type each must rest upon its own peculiar facts, and our discussions on questions of fact in cases of a similar type have little, if any, value as precedents." We, of course, must examine the entire record and give the conclusion we think justified by it.

From the facts revealed by the record it appears that plaintiff's single status did not last long, that her new husband was able and willing to provide a home for plaintiff and her child, Bonnie, that her unemployed status at the time of the divorce from defendant June 19, 1959, changed March 3, 1960, and that her income was not required to meet the regular living expenses of the new family. She testified these earnings "are for excess" to be used to buy a home someday. There is no showing as to what became of the $2000 lump sum alimony payment, but it does not appear that it was used up during the three months plaintiff was unmarried. Plaintiff contends that this sum was her share of the accumulated property of the parties, but regardless of its source the trial court correctly considered it as an item available to provide for the needs of herself and the child when it made the award to her in the original decree. That plaintiff's financial status has materially changed for the better is quite evident.

On the other hand defendant's financial status has changed very little. His income is approximately the same. He now owns a house trailer, the value of which is not shown, instead of a house and a lot. He still owns a car and has about $830 in a checking account. It is admitted there would be no financial

hardship on him to continue the $80 per month payments, but he argues that to require him to continue to pay this amount under the changed or present condition of the parties would be a positive wrong or injustice to him. See Keyser v. Keyser and Apfel v. Apfel, both supra; Prandy v. Prandy, 241 Iowa 1050, 1053, 44 N.W.2d 379, 381.

While courts generally proceed with caution in cases where modification is requested solely on a change of financial conditions, it cannot be honestly denied that these changes which accrued within nine months after the original decree, although perhaps existing in plaintiff's mind, were not expected or contemplated by the trial court when it executed the original decree. Had it anticipated this turn of events it would have provided a different figure as support money. That implication is quite clear.

IV. Of course, need as well as ability to meet obligations are factors of great importance in both original awards and later modifications under divorce decrees. But these are not the sole considerations. Section 598.14, Code, 1958, provides the court's orders in these matters shall be those that are "right" and "expedient" under the circumstances. Defendant does not contend there has been any change in his ability to pay the original support payments, but contends plaintiff's needs which were considered by the court in its original decree have been substantially changed, and to require him to continue the $80 per month payments would be unjust and a positive wrong. This factor also must be considered, and it too is a well-recognized ground for modification. McNary v. McNary, 206 Iowa 942, 221 N.W. 580; Kruckman v. Kruckman, 209 Iowa 1218, 229 N.W. 700.

Relatively, as between the parties, his share of the support burden has increased. At the time of the divorce plaintiff, with the furniture, $2000 cash, and $80 per month support money, had to establish and maintain a home for herself and Bonnie. It seems probable that the trial court carefully considered her needs in making the original allowance, and did not consider equalizing the burden between the parties. True, a new marriage by either party is not unusual, and that fact

alone is not grounds for modification. Dull v. Dull, 188 Iowa 941, 176 N.W. 953. It is also true that part-time employment by a divorced woman with a child of twelve may be anticipated, and the obtaining of such work alone would not be grounds for granting a modification. All of these factors must be considered with their attending circumstances, i.e., how do they affect the needs and obligations of the parties? Obviously, plaintiff's marriage within three months and her employment at about $115 per month within nine months did affect her needs in providing and maintaining a suitable home for herself and Bonnie. Under these changed circumstances the trial court felt a revaluation of the burden expedient, and we think it was right.

We have carefully examined and considered the many cases cited by both parties in their excellent briefs. There is little or no dispute as to the legal principles involved. However, as we said in Kuyper v. Kuyper, supra, although similar, no two cases of this kind are exactly alike. The trial court was quite familiar with the parties and their needs. Under the recognized rules laid down by this court we are satisfied that a material and substantial subsequent change of circumstances appears, and we find no abuse of the trial court's discretion in reducing the child-support payments to $50 per month. The judgment is therefore affirmed.—Affirmed.

GARFIELD, C. J., and BLISS, HAYS, THOMPSON, PETERSON, and SNELL, JJ., concur.

OLIVER and THORNTON, JJ., dissent.