**Guy M. MYERS, Appellant,**

v.

**Maxine E. MYERS, Appellee.**

No. 54714.

Supreme Court of Iowa.

Feb. 25, 1972.

Swisher & Swisher, Iowa City, for appellant.

Leff, Leff & Leff, Iowa City, for appellee.

BECKER, Justice.

This is an appeal by plaintiff-husband from a judgment of August 28, 1970, modifying a divorce decree entered November

15, 1966. The original decree incorporated a stipulation dividing the property and providing plaintiff-husband pay defendant-wife $100 per month for the lifetime of the defendant subject to modification in the event plaintiff's earnings change. Plaintiff sought by his action in equity to eliminate these payments because of the remarriage of defendant-wife and his reduced income.

Trial court reduced the monthly payments from $100 to $80 because plaintiff's income had decreased but determined the wife's remarriage was not an uncontemplated change of circumstances so as to require modification on that basis. Plaintiff contends trial court erred in determining the wife's remarriage would not terminate plaintiff's obligation to make monthly payments.

Under the terms of the stipulation the usual husband-wife roles were in part reversed. Defendant-wife received the 165-acre farm, all farming equipment, crops, all bonds, checking accounts not in plaintiff-husband's name and other personal property. Plaintiff-husband received his clothing, sporting equipment, books and a steam engine. Each party kept an automobile. The total value of these various properties is not shown in the record. Defendant-wife promised to pay plaintiff $30,000, of which $15,000 was to be paid at the entry of the decree, the remainder to be paid at the rate of $2000 per year. Plaintiff-husband further agreed to make the monthly payments contested herein.

I. Appellant states the issues on this appeal:

"1. Whether or not there are such substantial changes of financial condition of one or both of the parties that there should be modification of the Decree.

"2. Whether or not the remarriage of the Defendant's (sic) wife, who was awarded only alimony with no children involved is sufficient reason for the Court to say that a decree of Divorce should be modified to eliminate alimony."

We consider the issues raised in inverse order. Does remarriage in and of itself terminate alimony?

All of the Iowa cases examined on this subject involve child support payments either in the form of alimony or denominated as child support payments as such. In all cases remarriage was considered as a factor along with other facts and circumstances shown by the evidence. The decisions as to whether to eliminate the payments, modify them or leave them untouched vary with the circumstances shown. Dull v. Dull, 188 Iowa 941, 176 N.W. 953 (1920); Kruckman v. Kruckman, 209 Iowa 1218, 229 N.W. 700 (1930); Keller v. Keller, 214 Iowa 909, 243 N.W. 182 (1932); Holesinger v. Holesinger, 252 Iowa 374, 107 N.W.2d 247 (1961).

Where no child support is involved a majority of jurisdictions hold a wife's remarriage does not in and of itself terminate her right to alimony. It does constitute a strong ground for termination of the alimony decreed. Annot. 48 A.L.R.2d 270, 283, Alimony—Effect of Remarriage. The annotator has collected a large volume of cases arising under myriad fact situations. The above conclusions appear to be well supported by the cases. We agree.

■ II. The appeal is reviewable de novo. Holesinger v. Holesinger, 252 Iowa 374, 107 N.W.2d 247 (1961). The burden of proof as to propriety of modification is on the person so urging. Holland v. Holland, 260 Iowa 248, 250, 149 N.W.2d 124, 125 (1967).

■ Here the record does not justify elimination of alimony unless it is on the basis of remarriage as a sole ground; a proposition we have already rejected. The complicated and detailed stipulations as to division of property indicate extensive property holdings at the time of divorce. The provision for payment of what amounts to alimony appears to have been an integral part of the agreed settlement.

The stipulation provides:

"3) That the Plaintiff shall pay no alimony to the Defendant.

"4) That the Plaintiff shall pay to the Defendant the sum of $100.00 per month commencing on the first day of the month following entry of the decree of the divorce plus the payment on the date of entry of the divorce of the prorated share of said payment for the remainder of the month in which the divorce decree is entered. Said payments shall continue for the lifetime of the Defendant, provided however that in the event the Plaintiff's earnings, direct or indirect, are different from those presently earned by the Plaintiff at the time of the entry of the decree, each party hereto shall have the right to make application to the Court for adjustment of said support payments in the event the parties cannot mutually agree on the adjustment to be made therein."

Under the facts shown here and the original stipulation the court decided a modification of payments from $100 to $80 per month was just. Plaintiff does not argue the modification is unreasonable if the payments must continue; he contends all payments must cease. The trial court disagreed. We affirm.

Affirmed.

All Justices concur except RAWLINGS, J., who dissents, and REYNOLDSON and HARRIS, JJ., who take no part.

RAWLINGS, Justice (dissenting).

I respectfully dissent.

As disclosed by the majority opinion, the original divorce decree incorporated a stipulation dividing property by which:

"Defendant-wife received the 165-acre farm, all farming equipment, crops, all bonds, checking accounts not in plaintiff-husband's name and other personal property. Plaintiff-husband received his clothing, sporting equipment, books and a steam engine. Each party kept an automobile. The total value of these various properties is not shown in the record. Defendant-wife promised to pay plaintiff $30,000, of which $15,000 was to be paid at the entry of the decree, the remainder to be paid at the rate of $2000 per year. Plaintiff-husband further agreed to make the monthly payments contested herein."

Child support is not here involved.

Under these circumstances this statement in Wolter v. Wolter, 183 Neb. 160, 158 N.W.2d 616, 619, is to me instantly applicable and persuasive:

" * * * it is against public policy that a woman should have support or its equivalent during the same period from each of two men. * * * ' "Aside from positive unseemliness, it is illogical and unreasonable that she should have the equivalent of an obligation for support by way of alimony from a former husband and an obligation from a present husband for an adequate support at the same time. It is her privilege to abandon the provision made by the decree of the court for her support under sanctions of the law for another provision for maintenance which she will obtain by a second marriage; and when she has done so, the law will require her to abide by her election since there is no reason why she should not do so." ' Bowman v. Bowman, 163 Neb. 336, 79 N.W.2d 554."

The net result is, remarriage of a prior marriage alimony recipient should terminate all rights thereto, save and except where a specific lump sum alimony award has been granted. See In re Alcorn, 162 F.Supp. 206, 208–209 (N.D.Cal.S.D.); Barnett v. Barnett, 95 Ariz. 226, 388 P.2d 433, 434–435; Piacquadio v. Piacquadio, 22 Conn.Supp. 47, 159 A.2d 628, 629; Despain v. Despain, 78 Idaho 185, 300 P.2d 500, 503; Evans v. Evans, 212 So.2d 107, 108–109 (Fla.App.); Crum v. Upchurch, 232 Miss. 74, 98 So.2d 117, 121; cf. Berkely v. Berkely, 269 Cal.App.2d 872, 75 Cal.Rptr. 294; Bridges v. Bridges, 217 So.2d 281, 283–284 (Miss.); Flaxman v. Flaxman, 57 N.J. 458, 273 A.2d 567, 569–572; Herscher

v. Herscher, 51 Misc.2d 921, 274 N.Y.S.2d 295, 297–299.

I would accordingly reverse and remand with instructions that trial court set aside the adjudication from which this appeal is taken and enter decree consistent herewith.