In re the MARRIAGE OF Kay Ann SHIMA and Larry J. Shima.

Upon the Petition of Kay Ann Shima, Appellant,

And Concerning Larry J. Shima, Appellee.

No. 83–985.

Supreme Court of Iowa.

Jan. 16, 1985.

Richard J. Lowther, Ames, for appellant.

David W. Benson of Smith, Nutty, Sharp & Benson, Ames, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER, and WOLLE, JJ.

LARSON, Justice.

We granted further review in this case to assess the impact of the court of appeals decision on a prior line of Iowa cases regarding the effect of a remarriage on the obligation of a spouse to pay alimony. We vacate the court of appeals decision and affirm the trial court, which had ruled that the remarriage terminated the husband's obligations to pay alimony.

The marriage of these parties was dissolved in a decree which provided in part that

respondent shall pay as alimony and support money to the petitioner through the

clerk of the Story County Court on or before the first day of each calendar month after the date of this decree the sum of two hundred dollars ($200.00) for a period of ten years and one month after the date of this decree. Said payments shall cease upon the death of the petitioner, should the same occur within ten years and one month of the date of this decree.

The financial status of the Shimas at that time was rather desperate. Under the decree, Larry assumed approximately $48,000 of the parties' debt load, while Kay assumed an indebtedness to her parents of approximately $34,000. Each party kept the personal property in his or her possession. There were no major assets.

In 1983, Larry applied for a modification of the decree, asserting that Kay had remarried and that her financial position had improved, while his had deteriorated. The trial court found that the $200 per month payments were actually alimony, rejecting Kay's argument that it was a property division and thus not subject to modification. The court also ruled that in view of Kay's remarriage, the burden was shifted to her to show extraordinary circumstances which would require the continuation of the alimony payments.

On appeal, the court of appeals reversed, holding that although the payments were alimony and although Kay had remarried, there were no substantial changes in circumstances which would justify modification. It concluded that the remarriage of Kay was a matter reasonably within the contemplation of the court at the time of the entry of the dissolution decree and, thus, the "substantial change in circumstances" test normally required for modification of a dissolution decree had not been met.

On this further review, the husband makes two arguments: (1) that the court of appeals erred in finding no substantial circumstances existed justifying the modification; and (2) that the court erred in granting attorneys fees on the modification.

Our review is de novo. We first address the question of whether the alimony payments should be terminated.

■ I. The general rule in Iowa, and elsewhere, is that while the subsequent remarriage of a spouse does not result in automatic termination of an alimony obligation, it shifts the burden to the recipient to show that extraordinary circumstances exist which require the continuation of the alimony payments. *See In re Marriage of Woodward*, 229 N.W.2d 274, 280 (Iowa 1975); *Myers v. Myers*, 195 N.W.2d 113, 114 (Iowa 1972). In the *Woodward* case, we quoted from a Nebraska case, which explained the rationale:

> The basic principle that supports both views [that alimony is either automatically terminated or provides a prima facie case for termination] is that it is against public policy that a woman should have support or its equivalent during the same period from each of two men. On this issue, this court said: "Aside from positive unseemliness, it is illogical and unreasonable that she should have the equivalent of an obligation for support by way of alimony from a former husband and an obligation from the present husband for an adequate support at the same time. It is her privilege to abandon the provision made by the decree of the court for her support under sanctions of the law for another provision for maintenance which she will obtain by a second marriage...."

*Woodward*, 229 N.W.2d at 279, quoting from *Wolter v. Wolter*, 183 Neb. 160, 164, 158 N.W.2d 616, 619 (1968). *See generally* Annot. 48 A.L.R.2d 270, 274–76 (1956).

Consistent with this general rule, we concluded in *Woodward* that

> the remarriage of a woman whose previous marriage has been terminated in a dissolution of marriage proceeding does not of itself terminate her right to alimony but it does make out a prima facie case which requires the court to end it, in the absence of proof of some extraordinary circumstances justifying its continuance.

229 N.W.2d at 280. *See also Myers*, 195 N.W.2d at 114 (remarriage "does constitute a strong ground for termination of the alimony decreed.")

■ Kay contends that extraordinary circumstances exist in this case, first because, for eighteen years she had "devoted her life to Larry, the children, and their home" and that "she performed her job as a homemaker and did it well, but when Kay's parents declined to put any more money into the marriage and refused to loan Larry $120,000, Larry told her to get a divorce."

While these factors may well have entered into the trial court's decisions on property settlement and alimony, they are not the sort of extraordinary circumstances envisioned by the rule. Such circumstances warranting a continuation of the alimony from the prior marriage are those which exist at the time of the petition for modification, not at the time of the original decree.

Extraordinary circumstances, for purposes of this rule, have been discussed by courts of several jurisdictions. *See, e.g., Peters v. Peters*, 214 N.W.2d 151 (Iowa 1974) (second marriage annulled); *Boiteau v. Boiteau*, 227 Minn. 26, 33 N.W.2d 703 (1948) (invalidity of second marriage); *Dietrick v. Dietrick*, 99 N.J.Eq. 711, 134 A. 338 (1926) (inability of subsequent spouse to furnish support); *Kahler v. Searl*, 259 App.Div. 729, 18 N.Y.S.2d 246 (1940) (death of subsequent spouse); *Brandt v. Brandt*, 40 Ore. 477, 67 P. 508 (1902) (dissolution of subsequent marriage).

In this case, there is no showing by Kay that her present husband is unable to support her or that any of the other factors which have been held to constitute extraordinary circumstances were established by the evidence.

While the parties, and the court of appeals, discussed at length the testimony of Kay and Larry concerning their understanding of their agreement underlying the original dissolution decree, we are not bound by the understanding of the parties in construing the decree. Any underlying agreement of the parties is merged in the dissolution decree, and the agreement as such is not binding upon the court. *See Pedersen v. Pedersen*, 235 Iowa 708, 712, 17 N.W.2d 520, 522 (1945); *Nicolls v. Nicolls*, 211 Iowa 1193, 1200, 235 N.W. 288, 291 (1931); Annot. 48 A.L.R.2d, at 277.

We conclude that Kay's remarriage created a prima facie case for termination of the alimony payments, and we find no extraordinary circumstances justifying their continuance. We therefore vacate the court of appeals ruling in this respect and affirm that of the trial court.

■ II. An additional issue raised is whether attorneys fees should be allowed in connection with this appeal. The court of appeals granted Kay $350 for her attorneys fees on appeal. Our prior rule was that, because no statutory authority existed for allowance of attorneys fees in a modification case, it could not be allowed by the court. *See In re Marriage of Havener*, 240 N.W.2d 670, 671 (Iowa 1976) ("We find no authority in chapter 598, The Code, which provides for the allowance of attorney's fees in an application for modification of a dissolution decree").

Effective July 1, 1984, however, Iowa Code section 598.36 now provides:

> In a proceeding for the modification of an order or decree under this chapter, the court may award attorney fees to the prevailing party in an amount deemed reasonable by the court.

Although the amendment to section 598.36 is, in our view, procedural and therefore subject to retroactive application, we decline to allow fees in this case. No claim is made for fees in the trial court. As to Kay's claim for attorneys fees on appeal, we conclude none are justified under the circumstances of this case. We therefore deny the application.

DECISION OF THE COURT OF APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.