[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO MODIFY
Plaintiff asks the court to apply General Statutes 46b-84
and 46b-86, the Child Support Guidelines, in modifying the amount of support that the defendant should be ordered to pay for the parties two children. Defendant concedes that there has been a substantial change of circumstances warranting modification of child support and has submitted a proposed modification to the court with his memorandum.
The following procedural history is taken from briefs submitted by the parties. Plaintiff and defendant were divorced in the Judicial District of Middlesex at Middletown on January 19, 1983. The custody of the couple's two children was awarded to the plaintiff mother and the court entered a decree ordering CT Page 2831 the defendant to pay $900.00 per month in unallocated alimony and child support. The unallocated alimony and child support were to be reduced to the sum of $600.00 upon the sale of jointly owned real property. The property was sold on September 1, 1983 and the unallocated alimony and child support was reduced according to the court's order.
On October 8, 1984, plaintiff notified defendant by way of personal letter, that she had recently married and that thereafter all payments from defendant could not be treated as unallocated family support. Plaintiff further advised defendant that she would no longer treat the money received from him as alimony and that defendant could claim one of the children as an exemption for federal tax deduction purposes. Later, in 1986, plaintiff informed defendant that the money received from defendant was being treated solely as child support and she believed she could claim both children as exemptions for purposes of federal tax deduction for the year 1986.
On or abount [about] October 15, 1989, plaintiff and defendant agreed to increase the payments made to plaintiff by defendant to total $1,000.00 per month. Per this agreement, defendant has continued to pay $1,000.00 per month to date. Plaintiff has treated such payments as child support exclusively, therefore not claiming the same as income for federal tax purposes. Defendant, on the other hand, has continued to deduct the payments made to plaintiff as alimony for federal taxes purposes, thereby reducing his taxable income by the amount he paid to plaintiff.
On some date in 1993, plaintiff was notified by the Internal Revenue Service that it was assessing penalties, interest and back taxes against her in the amount of $5,671.44. It was at the point that plaintiff sought legal advice for purposes of amending the child support.
APPLICATION OF CHILD SUPPORT GUIDELINES
Modification of child support orders may be accomplished per court order upon a showing of substantial change in circumstances in the payor's financial status. Turner v. Turner,219 Conn. 703, 718, 595 A.2d 297 (1991). "There [is] a rebuttable presumption that any deviation of less than fifteen percent from the child support guidelines is not substantial and any deviation of fifteen percent or more from the guidelines is substantial." CT Page 2832 Id., 719. "When the combined family income exceeds the cap [$1500.00 per week], the guidelines do not apply except that the order should not be less than that which is applicable at the highest income level within the guidelines, subject to the court's discretion." Connecticut Support Guidelines, pursuant to Public Act 89-203, effective March 1, 1991.
Plaintiff states in her memorandum that it is the position of the defendant that the child support guidelines do not apply to any of his income in excess of $1,500.00. However, the court detects no evidence of defendant's denial of the applicability of the guidelines or denial that a modification is appropriate. The contention lies in determining the amount of the combined income of the two parties so that the court may calculate the appropriate modification under the guidelines.
Based on plaintiff's financial affidavit, the court finds that her weekly net income is $230.00.[1] Based on defendant's financial affidavit, the court finds that his weekly net income is $1,390.00. Therefore, the total combined income per week equals $1,620.00. It is with this total combined weekly income that the court turns to the guidelines to compute child support due.
The Child Support Guidelines designate the amounts of child support to be paid according to the total combined income of the parents and the number of and ages of the children. The maximum total combined income represented in the table is $1,500.00 per week. The maximum support designated to correspond to an income of $1,500.00 per week is $540.00 per week for the support of two children ages 12-17. This amount represents the minimum mandatory support that the court must order to comply with the guidelines.
Plaintiff complains in her memorandum that even after she had notified defendant that she was no longer claiming the amounts paid by defendant as income, defendant continued to deduct the same to his benefit on his federal taxes, therefore leaving plaintiff owing penalties to the IRS for failing to claim the amounts as income. Plaintiff also states that although the dissolution decree ordered defendant to pay $600.00 per month, since October, 1989, defendant has "basically paid" $1,000.00 per month after plaintiff requested more money for defendant. Commenting on defendant's continued deduction of payments as alimony, plaintiff states in her memorandum: "[d]efendant should CT Page 2833 not be rewarded for his devious behavior. . ." and ". ., [d]efendant . . . continued to take advantage of the judgment originally entered into. . .".
A dissolution decree is not modifiable without a court order even if the parties agree to such modification. Simms v. Simms, 25 Conn. App. 231, 234, 593 A.2d 161, cert. denied220 Conn. 911, 597 A.2d 335 (1991). The original divorce decree stands until proper legal action is taken to modify such order. Therefore, plaintiff's notice to defendant concerning her treatment of payments received as child support and not alimony has no legal force or effect. The defendant should not be considered to have acted improperly by complying with the relying on the court's original judgment without the imposition of a subsequent modification by the court.
"[T]he subsequent remarriage of a divorced woman gives rise to an inference of abandonment of her right to alimony." Piacquadio v. Piacquadio, 22 Conn. Sup. 47, 49, 159 A.2d 628
(1960). "[A]ccording to the rule established in Cary v. Cary,112 Conn. 256, 260-61, 152 A. 302 (1930), the obligation of a husband to pay `alimony' ceases with the remarriage of the wife unless there is a showing of exceptional circumstances by the wife." Pulvermacher v. Pulvermacher, 166 Conn. 380, 384,349 A.2d 836 (1974), citing Lasprogato v. Lasprogato, 127 Conn. 510,515, 18 A.2d 353 (1941).
As the plaintiff in this case has remarried, all future payments made to the plaintiff by the defendant are not "alimony" but rather are to be treated as child support payments exclusively. Regardless of any agreements entered into by the parties prior to the issuance of this order, all prior payments are controlled by the original judgment entered in this case granting unallocated alimony and child support.
In compliance with the Child Support Guidelines, the following modification is imposed:
A total of $550.00 per week is ordered to be paid for the support of the parties two children until March 30, 1995, when the oldest child shall have reached her 18th birthday. This amount shall be apportioned according to the percentage of the total combined income attributable to each parent. Plaintiff's net weekly income equals 14% of the combined total income. Defendant's net weekly income equals 86% of the combined total CT Page 2834 income. Therefore, defendant shall pay 86% of $550.00 equalling $470.00 per week for child support. Thereafter, defendant shall pay $320.00 per week until June 30, 1997, when the second child shall have reached her 18th birthday.
It is so ordered.
HIGGINS, J.