In re the MARRIAGE OF Lynne Ann KEIFER and Jerrold Daniel Keifer.

Upon the Petition of Lynne Ann Keifer, Appellee/Cross–Appellant,

And Concerning Jerrold Daniel Keifer, Appellant/Cross–Appellee.

No. 89–08.

Court of Appeals of Iowa.

Nov. 27, 1989.

Alan R. Havercamp and Harold J. De-lange II of Havercamp & Havercamp, Davenport, for respondent-appellant.

Edward Wehr of Wehr, Berger, Lane & Stevens, Davenport, for petitioner-appellee.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

Both parties appeal a dissolution decree challenging the economic provisions. We modify the trial court's decision, and as modified, we affirm.

Jerrold contends the trial court erred in its valuation of the parties' boat and his retirement fund. Jerrold argues that he had "special equity" in the boat due to its purchase with inheritance funds and this should be set off against the remaining marital assets. Jerrold also argues that the retirement fund should be valued at its present value and that the property distribution as a whole is inequitable. Lynne cross-appeals, requesting the court to award her $1 per year in alimony to keep the alimony question open. Lynne also requests attorney fees both for trial and on appeal.

Jerrold and Lynne were married in August 1959. Jerrold had obtained a B.A. in business administration, and Lynne was an assistant professor at Black Hawk College. Jerrold was employed at an auto body shop and earned approximately $26,000 per year. Jerrold had previously been employed by International Harvester from 1972 through 1982 until he terminated his employment there due to conflicts with management. Lynne earned approximately the same amount as Jerrold, but does not work during the summer vacation months.

During the marriage, Jerrold inherited property from his father in the amount of $52,772.18. Approximately $9,000 of that amount was used to purchase a 1980 Sea Ray boat, the remaining balance being transferred to the couples' joint savings and checking accounts to pay for the boat and living expenses.

Lynne filed the present action on January 20, 1988. The case proceeded to trial on October 12, 1988. The parties agreed on the majority of asset values and liabilities, but disagreed as to the value of the boat. Lynne valued the boat at $18,000 while Jerrold valued it a $11,130. Both parties listed Jerrold's International Har-vester retirement fund, but did not place any value on its worth.

The court filed its decree on October 19, 1988. The court awarded Lynne the family home, a 1974 Chevrolet, her IRA accounts, credit union account, the parties' furniture, and her personal property in her possession. It awarded Jerrold the parties' 1985 Ford, the Sea Ray boat, General Instrument stock, his IRA account, International Harvester retirement account, savings account, and all his personal property. It ordered Jerrold to pay the debt remaining on the Ford and credit card accounts. In determining the value of the retirement fund, the trial court calculated its value by multiplying the expected payout of $223.98 per month by Jerrold's life expectancy of 14.04 years at age sixty-five (eighteen years from the time of trial), reaching a value of $37,700 before taxes, and awarded the fund to Jerrold.

On October 28, 1988, Jerrold filed a motion for new trial and a rule 179(b) motion for enlargement of findings of facts and conclusions of law. Jerrold argued that the boat was bought with money from his inheritance and thus should have been a setoff. Jerrold additionally argued that the trial court should have valued the retirement fund according to its present value, not according to the expected payout at age sixty-five. The trial court denied both motions.

Our review in cases such as these is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). We are not bound by these determinations, however. *Id.* Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties presently before us. *In re Marriage of Weidner,* 338 N.W.2d 351, 356 (Iowa 1983).

Jerrold Keifer contends the trial court provided for an inequitable distribution of the assets and liabilities. Jerrold argues the court erred in its evaluation of the precise value of his International Harvester retirement fund. An examination of the

assets and liabilities assigned to each party shows that the distribution made in this case is inequitable.

■ It is proper to consider Jerrold's International Harvester retirement fund as a marital asset. *See In re Marriage of Howell,* 434 N.W.2d 629, 632 (Iowa 1989). It is appropriate to value that asset in arriving at an equitable division of marital assets. Various means have been employed to divide retirement and pension funds between the parties. Affixing a value at the time of trial is a proper consideration. *See In re Marriage of Wheeler,* 418 N.W.2d 362, 363 (Iowa App.1987). Ordering a division of the benefit payments at the time of retirement has been the method employed in appropriate cases. *See Petition of Sturtz,* 415 N.W.2d 173, 175 (Iowa App.1987).

■ In this case Jerrold will not receive retirement benefits, if ever, until he is sixty-five years of age, a period in excess of eighteen years from the date of trial. Imposing an obligation upon the retirement benefits in favor of Lynne would unduly extend her interest in the future financial affairs of Jerrold following the dissolution. In this case it is apparent that only the present value of Jerrold's retirement fund should be considered in making an equitable distribution of the marital assets of the parties.

■ The district court considered the value of the fund and found that it had a rounded-off value of $37,700. This value was found by multiplying the prospective benefit of $223.98 per month by Jerrold's life expectancy at age sixty-five. We do not agree with the district court's valuation.

There is no evidence from which a correct value of Jerrold's retirement fund can be found. The valuation of $37,700 fails to consider many factors. If we could assume from the record that the entire value of $37,700 would, of a certainty, be paid on Jerrold's sixty-fifth birthday (which we can't, because he may not live to receive the first monthly benefit), its present value, assuming a capitalization at only eight per-cent, would be less than $8,000. We cannot even surmise what value would be placed upon the fund by a qualified actuarial expert. We can, however, determine that the true present value is only a small fraction of that found by the district court.

Upon our de novo review, given the serious inequities that would result if present distribution were retained, this court must modify the trial court's distribution. The partners in a marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran,* 406 N.W.2d 450, 452 (Iowa App.1987). It is well settled that this does not mean an exactly equal share. *See In re Marriage of Webb,* 426 N.W.2d 402, 405 (Iowa 1988).

■ After adjustment of the value of Jerrold's retirement fund, the court's distribution appears to have set off to Lynne approximately $68,000 in assets, while the value set off to Jerrold amounts to approximately $29,000. The nature of the assets will not allow this court to make an exactly equal distribution. The house is the only substantial asset that can be used to resolve this inequity. We hold that Jerrold is entitled to one-half the value of the equity in the house. If the house is sold, Lynn will not suffer substantial hardship. She has an income equal to Jerrold's and there are no children involved. In addition, we require Lynne to assume the additional debt of $1,500 for the Bettendorf Bank Mastercard. As modified, the trial court's property distribution is affirmed.

■ The cross-appeal requesting an award of alimony is without merit. Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award of alimony is made after considering those factors listed in Iowa Code section 598.21(3). *See In re Marriage of Hayne,* 334 N.W.2d 347 (Iowa App.1983). The trial court was correct in refusing to award alimony to the appellee.

■ Appellee next contends the trial court should have awarded her attorney

fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award, the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig*, 318 N.W.2d 811, 817 (Iowa App.1982). The trial court did not abuse its discretion by failing to award Lynne attorney fees.

■ Lynne also requests attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App. 1981). We decline to award appellee attorney fees on this appeal. Costs are to be assessed against the appellee.

AFFIRMED AS MODIFIED.