In re the MARRIAGE OF Garry Lee
COOPER and Lucille Jean Cooper

Upon the Petition of Garry Lee
Cooper, Appellant,

And Concerning Lucille Jean
Cooper, Appellee.

Nos. 9–543, 89–223.

Court of Appeals of Iowa.

Dec. 21, 1989.

William F. Sueppel and Margaret T. Lainson of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellant.

Jared O. Bauch of Bauch Law Office, Traer, for appellee.

Before OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

DONIELSON, Judge.

This appeal involves the economic provisions of a decree of dissolution between Garry Cooper and Lucille Cooper. Specifically, Garry challenges the amount and duration of the alimony award, the division of the parties' property, and the award of attorney fees to Lucille by the district court. Lucille requests an award of attorney fees for this appeal.

Garry and Lucille were married in July 1957. Four children, all now adults, were born of the marriage.

Garry, 52 at the time of trial, is a college graduate and has been employed for thirty years by ASCS of the United States Department of Agriculture. Garry's employment status is GS–12, and his salary for the year prior to trial was $38,914. Garry worked in Monticello for a large majority of the thirty years.

Lucille, 51 at the time of trial, is a high school graduate who was a homemaker during most of the parties' marriage. In 1983, Lucille obtained employment in Monticello at a local waterbed store. At trial, she had a net monthly income of approximately $610.

Prior to trial, the parties entered into a stipulation of agreement resolving issues of property division involving the vehicles, life insurance, bank and savings accounts, household goods, personal property, certain debts, and tax consequences for prior years. The parties also agreed Garry's government pension would be divided equally. Prior to entry of the dissolution decree, the district court had ordered Garry to pay $350 per month in temporary support for Lucille.

On January 10, 1989, the district court entered its findings of fact, conclusions of law, and decree of dissolution. This followed a trial on issues concerning alimony, attorney's fees, and the disposition of the parties' remaining property. The district court required Garry to pay $600 per month in alimony to Lucille until the death of either party or until Garry's retirement. The district court specified Garry's alimony obligation was not to terminate upon Lucille's remarriage. In addition, Garry was required to pay Lucille $2500 for her attorney fees. The remaining property and liabilities were also divided. Garry has filed this appeal.

I. Scope of Review. To resolve the issues presented by the parties we turn to well-established principles. Our scope of review is de novo. Iowa R.App.P. 4. Although not bound by the trial court's determination of factual findings, we will give considerable weight to them, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). Prior cases, though helpful, have little precedential value since we must base our decision primarily on the particular circumstance of the parties presently before us. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983).

II. Alimony. Alimony is an allowance to the ex-spouse in lieu of a legal obligation to support that person. *In re Marriage of Hitchcock*, 309 N.W.2d 432, 437 (Iowa 1981). Alimony is not an absolute right; its award depends upon the unique circumstances of each particular case. *In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976). In making an award of alimony the courts are to consider the factors now codified in Iowa Code section 598.21(3). *See In re Marriage of Estlund*, 344 N.W.2d 276, 281 (Iowa App.1983). We consider property division and alimony together in evaluating their individual sufficiency. *In re Marriage of Dahl*, 418 N.W.2d 358, 359 (Iowa App. 1987). The partners in a marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App.1987).

■ Garry contends the alimony award of $600 per month is excessive and should be reduced to $350. Furthermore, he argues the district court erred in not requiring the alimony obligation to cease upon Lucille's remarriage.

From our review of the record, it is apparent an award of $600 per month in spousal support was not excessive and was warranted by the circumstances of this case. The length of this marriage, Lucille's age, the parties' respective education levels, and Lucille's limited earning capacity are all factors to be considered when making an alimony determination. Iowa Code § 598.21(3)a, b, d, e (1989). The record in this case supports an award of alimony of $600 per month and demonstrates Garry has the ability to pay this level of support. We will not modify this portion of the district court's decree.

■ Garry argues the decree should be modified to make his alimony obligation cease upon remarriage by Lucille. The general rule in Iowa is while the subsequent remarriage of a spouse does not result in automatic termination of an alimony obligation, it shifts the burden to the recipient to show extraordinary circumstances exist which require the continuation of the alimony payments. *In re Marriage of Shima*, 360 N.W.2d 827, 828 (Iowa 1985). Examples of types of extraordinary circumstances which justify the continuation of alimony beyond remarriage include the annulment of a second marriage and the inability of a subsequent spouse to furnish support. *Id.* at 829.

The rationale underlying this rule is it is contrary to public policy to allow a party to receive support from both a prior and a current spouse. *Id.* at 828 *citing In re Marriage of Woodward*, 229 N.W.2d 274, 279 (Iowa 1975).

■ In discussing the propriety of continuing alimony obligations beyond a recipient's remarriage, this court has stated:

The continuation of alimony beyond remarriage is especially appropriate where its purpose is rehabilitative—to assist the payee in obtaining further education nec-

essary to permit her to undertake a self-supporting career.

*In re Marriage of Orgren*, 375 N.W.2d 710, 712 (Iowa App.1985). *See also In re Marriage of Seidenfeld*, 241 N.W.2d 881, 884 (Iowa 1976) (court held three-year alimony obligation to assist wife in obtaining further education or job training should not terminate upon her remarriage). With the exception of rehabilitative alimony, there does not appear to be any general support for including a provision in a decree which mandates the continuation of permanent alimony beyond remarriage. *See Kantaris v. Kantaris*, 169 N.W.2d 824, 831 (Iowa 1969) (court rejected provision in decree which mandated alimony should continue beyond remarriage). The facts in this case, nor the cases cited by appellee, do not offer any persuasive reasons to warrant placement of such a provision in the decree.

The general principles governing the continuation of alimony beyond remarriage should apply in this case. *See Shima*, 360 N.W.2d at 828. If Lucille chooses to remarry, the support obligation will not automatically terminate, but will shift the burden to her to demonstrate extraordinary circumstances warranting its continuation. We modify the dissolution decree to remove the provision which absolutely mandates continuation of the alimony obligation beyond Lucille's remarriage.

III. *Property.* Garry claims the property division made by the district court was inequitable. Specifically, he contends he should not be required to pay $2,000 to Lucille as part of the property settlement, and $2,500 (or one-half of the debt owed) to Lucille's mother. In making a property disposition, a court is to consider the factors set forth in Iowa Code section 598.-21(1). From our de novo review of the record, it appears the district court correctly set aside the $10,000 gift made to Garry by his mother, Iowa Code § 598.21(2) (1989), and its division of the parties' property and debts was equitable and should not be modified on appeal.

■ IV. Attorney Fees. Garry contends the district court erred in ordering him to pay $2,500 toward Lucille's at-

torney fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award the complaining party must show the trial court abused its discretion. Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig*, 318 N.W.2d 811, 817 (Iowa App.1982). From our review of the record, it appears the trial court did not abuse its discretion in awarding Lucille $2,500 in attorney fees.

Lucille seeks attorney fees on appeal. In determining whether appellate attorney fees should be awarded, we are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App. 1981). Guided by these general legal principles, we order Garry to pay $1,000 toward Lucille's appellate attorney fee obligation.

AFFIRMED AS MODIFIED.