In re the MARRIAGE OF Antone E. IMHOFF and Norma Jeane Imhoff

Upon the Petition of Antone E. Imhoff, Appellant,

And Concerning Norma Jeane Imhoff, Appellee.

No. 89–969.

Court of Appeals of Iowa.

Aug. 30, 1990.

Robert C. Nelson of Nelson & Nelson, Cedar Rapids, for appellant.

Randall A. Nazette of Nazette, Hendrickson, Marner & Good, Cedar Rapids, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

DONIELSON, Presiding Judge.

Antone (Tony) and Norma Imhoff were married on June 30, 1962, and are the parents of two children who had reached the age of maturity at the time of trial. Tony, 45 years old at the time of trial, has been a police officer for the City of Cedar Rapids since 1966. Tony's net monthly income is approximately $1,500. Norma, 47 years of age at trial, has not worked outside the family home since early in the parties' marriage. Norma has been diagnosed as having muscular dystrophy.

Tony filed the present action on July 16, 1987. Tony moved out of the family home in October 1987, and currently resides in an apartment. Norma resides in the family home along with their son, Jeffrey, age 25, who is legally blind. Jeffrey currently receives SSI benefits, and pays Norma rent of $100 per month and the cable television costs. The marital home has no mortgage indebtedness against it.

Trial was held on May 15–16, 1989. In a decision filed May 30, 1989, the trial court awarded Norma the marital homestead valued at $59,500, a 1979 Oldsmobile valued at $2,000, an IRA account of $6,200, furniture and appliances worth $4,750, and cash assets of $25,750. The cash and assets awarded Norma totaled $98,200 in value. Tony was awarded his police pension, which the court valued at $65,200, the parties' 1984 Oldsmobile worth $4,000, an IRA

account of $6,400, and cash assets of $25,750. The cash and property awarded to Tony has a value of $101,350. The trial court also ordered Tony to pay Norma $600 per month alimony until her death or remarriage, and also ordered him to pay $1,000 toward Norma's attorney fees. Tony has appealed.

Tony argues the district court erred in assessing a present value on his police pension since his receipt of any benefits is contingent upon attaining the age of 55. Tony argues that if the pension has no current value, then Norma would actually receive seventy-three percent of the marital assets while he receives only twenty-seven percent. Tony also maintains the $600 per month alimony award is excessive. Finally, Tony argues that because Norma was awarded tangible liquid assets, she should be held accountable for her own attorney fees.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

I. Pension Benefits

■ Tony claims the trial court erred in making the property division based upon a finding as to the present value of his police pension. Pension benefits, whether vested or unvested, are treated as marital property in Iowa and are properly subject to equitable distribution. *In re Marriage of Mott*, 444 N.W.2d 507, 510–11 (Iowa App.1989); Iowa Code § 598.21(1)(i) (1989). "Pension benefits should be considered in framing the financial clauses of dissolution decrees." *In re Marriage of Curfman*, 446 N.W.2d 88, 89 (Iowa App.1989). In reviewing a division of marital assets, all economic aspects of a decree must be viewed as an integrated whole. *In re Marriage of Campbell*, 451 N.W.2d 192, 196 (Iowa App.1989).

We have recognized that without adequate evidence of the value of a pension plan, it may be necessary to more equally distribute the remaining marital assets. *See In re Marriage of Keifer,* 451 N.W.2d 19, 21 (Iowa App.1989). Pension valuation is less significant where there are no other existing assets from which equalization can be made. *In re Marriage of Woodward,* 426 N.W.2d 668, 670 (Iowa App.1988).

In this case, substantial evidence was presented to support the trial court's valuation ot Tony's pension at $62,500. Norma requested that she be awarded the family home (valued at $59,500) in lieu of receiving any interest in Tony's pension benefits. Norma's physical disability and her son's blindness are special circumstances which favor awarding the family home to her. Norma testified that renting new housing accessible for her and her son would be more costly than residing in the family home.

The controlling mandate is that courts achieve an equitable and just award *under the circumstances. In re Marriage of Webb,* 426 N.W.2d 402, 405 (Iowa 1988) (emphasis added). We have reviewed the property distribution and, while it is unique, the unusual circumstances of this case render it equitable. We affirm the trial court's distribution of the party's marital assets.

## II. Alimony

Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award of alimony is made after considering those factors listed in Iowa Code section 598.21(3). *See In re Marriage of Hayne,* 334 N.W.2d 347, 350 (Iowa App.1983).

When determining the appropriateness of alimony, the court must consider (1) the earning capacity of each party, and (2) their present standards of living and ability to pay balanced against their relative needs. *In re Marriage of Estlund,* 344 N.W.2d 276, 281 (Iowa App.1983). Alimony is an allowance to the ex-spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock,* 309 N.W.2d 432, 437 (Iowa 1981).

Tony contends the trial court's award of $600 per month for alimony was excessive. We disagree.

The record in this case reveals Norma has been out of the work force for over twenty years. She suffers from limb girdle muscular dystrophy. The deposition testimony of Dr. Risk indicated Norma's medical condition will probably not improve, and, in fact, is likely to get worse. Her physical condition renders her impaired for any type of employment.

When evaluating the need for an award of spousal support, we take into consideration the length of the marriage, the physical health of the parties, the distribution of marital property, the earning capacity of each party, and the feasibility of the party seeking maintenance to become self-supporting. Iowa Code § 598.21(3)(a), (b), (c), (e), (f) (1989). The equities in this case clearly support an award of alimony. The length of this marriage and Norma's age, health and inability to work, favor the trial court's award of spousal support in the amount of $600 per month.

## III. Attorney Fees

Tony argues the trial court abused its discretion by ordering him to pay $1,000 of Norma's attorney fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Cooper,* 451 N.W.2d 507, 510 (Iowa App.1989). To overturn an award, the complaining party must show the trial court abused its discretion. *Id.*

Awards of attorney fees must be for fair and reasonable amounts, and be based upon the parties' respective abilities to pay. *Id.* From our review of the record, and each party's financial condition, we find no abuse of discretion by the trial court in ordering Tony to pay $1,000 toward Norma's attorney fees.

Norma seeks an award of appellate attorney fees. In determining whether appellate attorney fees should be awarded, we are to consider the needs of

the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *Id.* Guided by these general principles, we order Tony to pay $1,000 toward Norma's appellate attorney fee obligation. The costs of this action are assessed to Tony.

AFFIRMED AS MODIFIED.