In re the MARRIAGE of Karin Renee JOHNSTON and Ronald Eugene Johnston, Sr.

Upon the Petition of Karin Renee Johnston, Appellant,

And Concerning Ronald Eugene Johnston, Sr., Appellee.

No. 91–1551.

Court of Appeals of Iowa.

Aug. 27, 1992.

Michael J. Burdette of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, for appellant.

Larry G. Wilson of Skinner, Beattie & Wilson, P.C., Altoona, for appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Ronald and Karin Johnston were married December 31, 1982. They have no children from this marriage, although Karin has two children from a prior marriage who lived with the parties. In November 1990, Karin filed a petition for dissolution of the marriage.

Karin is a high school graduate and has taken college courses in accounting. She is employed full-time as an accounting technician for the State of Iowa and grosses approximately $20,020 per year.

Ronald completed the tenth grade and he does not have a G.E.D. Ronald works for RYKO Manufacturing and grosses approximately $28,632 per year.

On June 6, 1991, the district court filed its memorandum of findings of fact, conclusions of law, and order. The parties had stipulated to the division of most of the personal and real property. The district court distributed the remaining items. The district court awarded Karin a portion of the equity in the parties' home, in light of the interest Ronald retained in his employer's profit sharing plan and 401k plan. The district court found each party agreed to the retention of his or her own pension and profit sharing plans. The district court found neither spouse proved entitlement to alimony.

Karin then filed a rule 179(b) motion. Karin indicated, contrary to the district court's findings, the parties had not stipulated to the division of the pension and profit sharing plans. She asked the district court to modify the property distribution by awarding her additional property and a greater amount of equity in the marital estate. Ronald filed a resistance.

The district court denied Karin's rule 179(b) motion. In doing so, the court compared the property distribution and the components of the pension plans and found each party should keep his or her pension and profit sharing interests.

Karin filed a motion to reopen the record for the purpose of allowing an expert in pension valuation to testify as to the present value of Karin's IPERS pension and Ronald's 401k and profit sharing plan. The district court denied the motion, finding the plans were adequately valued. On September 4, 1991, the district court filed a decree of dissolution of marriage.

Karin filed this appeal. She contends the district court failed to make an equitable distribution of marital property, by allowing each party to keep his or her own pension and profit sharing interests. Karin also requests appellate attorney fees.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7). On our review, we affirm the district court.

■ I. *Whether the Distribution of the Pension and Profit Sharing Interests was Equitable.* Karin first argues the district court erred in allowing each party to keep his or her pension and profit sharing interests. Specifically, she contends there is a significant disparity in the value of her interest in the IPERS pension and of Ronald's interest in his 401k and profit sharing plans. Karin further contends the district court incorrectly valued the pension plans.

Karin asserts the value of her IPERS pension is $7,094 and the total value of Ronald's 401k and profit sharing plan is $28,344. Therefore, she contends she should receive a net award of $11,301 to equalize this disparity.

The partners in the marriage are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Russell,* 473 N.W.2d 244, 246 (Iowa App.1991). The determining factor is what is fair and equitable in each particular circumstance. *Id.* Pension benefits are treated as marital property in Iowa and are properly subject to equitable distribution. *In re Marriage of Mott,* 444 N.W.2d 507, 510–11 (Iowa App.1989).

Karin values her pension plan at $7,094, but values it only at the amount of her vested contributions. Unvested and future interests are to be considered in addition to vested interests. Iowa Code § 598.21(1)(i) (1991). We note the district court's findings in its ruling on Karin's rule 179(b) motion:

> As a public employee, Petitioner [ (Karin) ] will, if she continues to be employed by the State, be entitled to receive upon retirement up to sixty percent of the average of her last three years of covered annual wages ... depending upon certain contingencies specified by statute. Section 97B.49, Iowa Code. The present value of this interest, discounted for contingencies that might prevent receipt of benefits, undoubtedly far exceeds Petitioner's vested contributions.... This is particularly so in view of the fact the State's contributions to IPERS on Petitioner's behalf exceed her contribution.

While Karin does not include employer contributions in the valuation of her own IPERS plan, employer contributions are included in the valuation of Ronald's pension plan. This discrepancy is evidenced by the district court's breakdown of these pensions:

> Petitioner [ (Karin) ], a ten-year state employee, is a participant in IPERS and has invested, by her contributions and interest thereon, $7,094 in the system. Respondent [ (Ronald) ] has a 401K plan at his employment, RYKO Manufacturing, valued at $11,360, and profit sharing plan valued at $16,983. Of these amounts, *approximately $10,000 of the 401K plan is referable to Respondent's contributions.* The profit sharing, or savings plan, is derived from employer contributions.

(Emphasis added).

■ The exact value of Karin's IPERS pension is not ascertainable. We, like the district court, will not assume the value is limited to Karin's vested contributions. However, we disagree with Karin's argument that a remand to take actuarial testimony to value the pension is necessary. In distributing property, the Iowa courts do not require an equal division or percentage distribution. *In re Marriage of Russell,* 473 N.W.2d 244, 246 (Iowa App.1991).

Here, in addition to the IPERS pension plan, Karin was awarded $4,000 of the equity in the family home. This award was made by the district court in consideration of the fact that Ronald would retain his pension plans. In light of the district court's overall distribution of property, we find the district court's division equitable and deny Karin's request for a remand.

II. *Attorney Fees.* Karin next requests an award of appellate attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's deci-

sion on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). We deny Karin's request for attorney fees.

The costs of this appeal are taxed to Karin.

For all the reasons stated, we affirm the judgment of the district court.

AFFIRMED.