In re the Marriage of Wilbert Henry
HASS and Blanche Irene Hass.

Upon the Petition of Wilbert
Henry Hass, Appellee,

And Concerning Blanche Irene
Hass, Appellant.

No. 92–356.

Court of Appeals of Iowa.

May 4, 1993.

As Corrected May 6, 1993.

John C. Monroe, Cedar Rapids, for appellant.

Lowell E. Dendinger of Casterline & Dendinger, Tipton, for appellee.

Considered by OXBERGER, C.J. and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

In this appeal respondent-appellant Blanche Irene Hass challenges the economic provisions made in the decree dissolving her nine year marriage to petitioner-appellee Wilbert Henry Hass. Blanche contends the alimony award made by the trial court was not sufficient in duration. We affirm.

Wilbert, born in 1915, and Blanche born in 1918, were married in 1982. It was Wilbert's second marriage and Blanche's fifth marriage. Blanche at the time of the marriage worked part-time for minimum wage in a department store. She gave up that job to marry Wilbert. Her health and age are such that she is not employable at this time. Wilbert was farming when the parties married. He retired from farming in 1986.

Wilbert and Blanche signed a premarital agreement before marriage. The agreement made no provision for a dissolution of marriage. The agreement provided it was the intent of each party to retain his or her own property and income. Wilbert and Blanche each had children from prior marriages and it was their intent when they died their property go to their own children.

The premarital agreement provided each had disclosed to the other his or her assets. No listing of the assets disclosed was attached to the agreement. Wilbert admittedly knew Blanche had a house in Cedar Rapids. Blanche admittedly knew Wilbert had farmland and machinery and other in-

struments of farm husbandry. Blanche claimed she did not know Wilbert had about $50,000 in other assets.

During the marriage, the parties pooled their social security checks to pay living expenses, and Wilbert made some contributions to these expenses from his separate funds. The parties lived in Wilbert's home. Blanche rented her Cedar Rapids home and was able with the rents from the home to pay off a $5000 mortgage and accumulate about $10,000 which she put in a certificate of deposit in her own name. During the marriage Blanche also inherited a little over $15,000 when her father died. This was kept in her own name.

The assets of both parties had increased primarily due to inflation rather than any particular efforts. There is no evidence of any unusual sacrifice on the part of either party. Rather, the evidence is the marriage disintegrated after three years and the parties just lived in the same house for the remaining six years.

The trial court set aside to Wilbert property valued at about $230,000 that he had when the parties married. The trial court set aside to Blanche the property she had had at marriage, her certificate of deposit with accrued rents, and the money she had inherited from her father. This property was valued at approximately $90,000. Additionally, the trial court ordered Wilbert to pay Blanche $10,000 in cash and ordered him to pay her alimony of $300 a month for thirty-six months. Wilbert was also ordered to pay $1200 towards Blanche's attorney fees.

Blanche on appeal claims Wilbert should pay her $300 a month alimony for her lifetime and if he should pre-decease her, the alimony should be a charge on his estate.

■ In awarding alimony we look to the particular circumstances of this case. The mandate is to achieve an equitable and just result under the circumstances. *See In re Marriage of Webb,* 426 N.W.2d 402, 405 (Iowa 1988). We look to the presence or absence of social security benefits in analyzing the equity of the financial aspects of a dissolution. *See In re Marriage*

*of Schissel,* 292 N.W.2d 421, 427 (Iowa 1980); *Locke v. Locke,* 263 N.W.2d 694, 696 (Iowa 1978). We address the issue of awarding alimony under a gender-neutral classification and are careful in our consideration to avoid sexual stereotypes. *See Orr v. Orr,* 440 U.S. 268, 283, 99 S.Ct. 1102, 1113–14, 59 L.Ed.2d 306, 321 (1979). Iowa provides statutorily that spousal support can be ordered paid to either spouse. *In re Marriage of Bethke,* 484 N.W.2d 604, 608 (Iowa App.1992).

■ We look at each parties' income and the standard of living the parties have maintained as well as Wilbert's relative ability to pay. *See In re Marriage of Imhoff,* 461 N.W.2d 343, 345 (Iowa App.1990). We look to the factors of Iowa Code section 598.21(3) and applicable case law. *See In re Marriage of Friedman,* 466 N.W.2d 689, 693 (Iowa 1991); *In re Marriage of Hitchcock,* 309 N.W.2d 432, 437–38 (Iowa 1981); *In re Marriage of Misol,* 445 N.W.2d 411, 413–14 (Iowa App.1989); *In re Marriage of Hayne,* 334 N.W.2d 347, 350–51 (Iowa App. 1983).

■ The parties married at a time in life when they were both near retirement and obviously looked to social security and investments for support. It is clear from their premarital agreement they basically intended to support themselves. They both saw their assets appreciate during marriage as a result of inflation rather than from efforts on the part of either spouse. Neither spouse made any significant sacrifices for the other. Blanche points out she gave up a job. However, the job was only part-time and her income was minimal and she was sixty-six years old at the time. She admits she is not currently employable. There is no reason to find she is worse off today because she took herself out of the employment market at the time of marriage.

Wilbert leaves the marriage with more assets than Blanche, but he also entered the marriage with more assets than she did. Both parties have income and assets sufficient to meet their current needs. Blanche's income from social security and

assets at the time of dissolution were about $800 per month. As a result of the dissolution, Blanche will have an additional $10,000 to invest. She also will receive an additional $300 a month for three years. The trial court found Wilbert's monthly income to be about $1300 per month. This will be decreased for three years by his alimony obligation to Blanche. In assessing this issue, we look to the fact each of the parties have their own retirement benefits. *See In re Marriage of Maskel*, 225 N.W.2d 115, 120 (Iowa 1975); *In re Marriage of Luebbert*, 400 N.W.2d 80, 83 (Iowa App.1986).

We find no justifiable reason to modify the award made by the trial court, and we affirm its decision in its entirety. Neither party shall be entitled to attorney fees on appeal. The costs on appeal are taxed to Blanche.

**AFFIRMED.**