**IN THE COURT OF APPEALS OF IOWA**

No. 13-1908
Filed October 29, 2014

**IN RE THE MARRIAGE OF TRACY LEE GINGER**
**AND TANYA L. GINGER**

**Upon the Petition of**
**TRACY LEE GINGER,**
        Petitioner-Appellee,

**And Concerning**
**TANYA L. GINGER, n/k/a TANYA L. ROHWER,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Chickasaw County, Richard D.

Stochl, Judge.

        Tanya Ginger appeals from the district court's order modifying the

dissolution of marriage decree between her and Tracy Ginger.  **AFFIRMED IN**

**PART; REVERSED IN PART; REMANDED.**

        Marion L. Beatty of Miller, Pearson, Gloe, Burns, Beatty & Parrish, P.L.C.,

Decorah, for appellant.

        Paul W. Demro of Correll, Sheerer, Benson, Engels, Galles & Demro,

P.L.C., Cedar Falls, for appellee.

        Heard by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

Tanya Ginger appeals the district court's order modifying the dissolution of marriage decree between her and Tracy Ginger. She asserts four claims on appeal faulting the district court for: (1) denying an increase in child support by improperly deviating downward from the child support guidelines; (2) not ordering Tracy to pay for all transportation costs for the children's visitation during the summer months; (3) improperly concluding Tracy was not responsible for paying for one of the minor children's orthodontic braces; and (4) in denying Tanya trial attorney fees. Tanya also requests the award of appellate attorney fees.

With regard to Tracy's child support obligation, we conclude the district court improperly found there was no material change in circumstances, as the adjusted figure deviates more than ten percent from Tracy's current obligation under the guidelines. As for the cost of transporting the children to and from the summer visitation, Tracy shall be responsible for all such costs. Each party shall be responsible for one-half of the costs not covered by insurance associated with the orthodontic expenses. Although we conclude the court did not abuse its discretion when declining to award Tanya trial attorney fees, we award Tanya $2000 in appellate attorney fees. Consequently, we affirm in part and reverse in part the decision of the district court, and remand for the calculation of Tracy's child support obligation.

## I. Factual and Procedural Background

Tanya and Tracy's marriage in 1999 produced three children, all of whom are still minors. A stipulation and decree of dissolution were filed on September 12, 2011. The parties have joint legal custody of the children with Tanya having

physical care subject to Tracy's reasonable rights of visitation. Under the original decree, Tracy was entitled to alternate weekend visitations, one night each week during the summer, and one extended week during the summer. Tracy was also responsible for paying Tanya $930 each month in child support.

At the time of dissolution, Tracy lived in Tripoli, Bremer County, and Tanya lived in West Union, Fayette County, Iowa. Tracy was employed at Kerry Manufacturing in Fredericksburg, earning $63,000 each year. In October of 2013, he accepted a job at Kerry Ingredients in Dallas, Georgia, which resulted in a salary increase to $82,000, with the possibility of bonuses. Tracy testified the cost of living in Georgia is much higher than in Iowa, and that this increased salary did not actually result in an increase in disposable income. He also remarried, and his second wife earns $13.00 per hour and works forty hours each week. Tracy pays for his health insurance for himself and the children but does not have dental insurance. Tanya earns $24,544 each year at Dermal Medical Equipment.

Due to his move to Georgia, Tracy filed an application to modify the visitation schedule on November 2, 2012. Tanya agreed the original decree should be modified with respect to visitation, though she requested the court also modify the decree to increase Tracy's child support obligation, as well as establish provisions for the transportation to and from visitation. She also requested trial attorney fees. On August 8, 2013, following a contested hearing on July 10, the district court entered an order modifying the dissolution decree. The court modified the transportation and visitation provisions, requiring Tracy to be responsible for the transportation costs during the spring visit and the

transportation to Georgia in the summer, with Tanya being financially responsible for transporting the children back to Iowa at the end of their summer visit. However, finding no substantial change in circumstances occurred as to child support, the court denied Tanya's request that Tracy's child support obligation be increased, as well as her request for attorney fees. The court further ordered Tracy to enroll the children in a dental plan "as soon as it is available to him," so one of the children could be fitted with needed braces. Tanya appeals.

## II. Standard of Review

We review the modification of a dissolution decree de novo. *In re Marriage of Wessels*, 542 N.W.2d 486, 490 (Iowa 1995). However, we will not disturb the trial court's conclusion unless there has been a failure to do equity. *Id.*

## III. Child Support

Tanya first asserts the district court improperly deviated downward from the child support guidelines when denying her request to increase Tracy's child support obligation. She contends that Tracy's substantially increased income constituted a substantial change in circumstances warranting modification of his child support obligation.

A court may modify an order of child support when a substantial change in circumstances has been shown, one which was not contemplated by the original decretal court. *In re Marriage of Maher*, 596 N.W.2d 561, 564–65 (Iowa 1999). The party seeking the modification must prove the change in circumstances by a preponderance of the evidence. *In re Marriage of Rietz*, 585 N.W.2d 226, 229 (Iowa 1998). In determining whether there has been a substantial change, the

court is to consider changes in the employment, earning capacity, income or resources of a party, the remarriage of a party, and possible support of a party by another person. Iowa Code § 598.21C(1)(a)–(*l*) (2011);[1] *see also In re Marriage of Gehl*, 486 N.W.2d 284, 287 (Iowa 1992).

Pursuant to Iowa Code section 598.21C(2)(a), "a substantial change of circumstances exists when the court order for child support varies by ten percent or more from the amount which would be due pursuant to the most current child support guidelines . . . ." However, as our supreme court has held:

> (1) not every change in circumstances is sufficient; (2) it must appear that the continued enforcement of the decree would, as a result of the changed circumstances, result in positive wrong or injustice; (3) the change in circumstances must be permanent or continuous rather than temporary; and (4) the change in circumstances must not have been within the contemplation of the district court when the original decree was entered.

---

[1] Specifically, this section states courts should consider the following factors when deciding whether a modification is warranted:

    a. Changes in the employment, earning capacity, income, or resources of a party.
    b. Receipt by a party of an inheritance, pension, or other gift.
    c. Changes in the medical expenses of a party.
    d. Changes in the number or needs of dependents of a party.
    e. Changes in the physical, mental, or emotional health of a party.
    f. Changes in the residence of a party.
    g. Remarriage of a party.
    h. Possible support of a party by another person.
    i. Changes in the physical, emotional, or educational needs of a child whose support is governed by the order.
    j. Contempt by a party of existing orders of court.
    k. Entry of a dispositional or permanency order in juvenile court pursuant to chapter 232 placing custody or physical care of a child with a party who is obligated to pay support for a child. Any filing fees or court costs for a modification filed or ordered pursuant to this paragraph are waived.
    l. Other factors the court determines to be relevant in an individual case.

Iowa Code § 598.21C(1)(a)–(*l*).

*Maher*, 596 N.W.2d at 565 (noting further that "the district court has reasonable discretion in determining whether modification is warranted, and we will not disturb that discretion unless there is a failure to do equity").

According to Tanya's child support worksheet, Tracy's obligation with his current income is $1302.56.[2] This is a ten percent increase compared to Tracy's obligation of $930.00 under the original decree. Consequently, a substantial change in circumstances has occurred pursuant to the guidelines. *See* Iowa Code § 598.21C(2)(a); *In re Marriage of Guyer*, 522 N.W.2d 818, 821 (Iowa 1994) (holding that an increase in salary, which resulted in a child support obligation that increased from $1442 to $2514, constituted a substantial change in circumstances, given the amount of child support varied by more than ten percent from the amount owed under the original decree).

Several other factors also counsel that Tracy's child support obligation should be modified. He has moved to Georgia and his salary is now $82,000 with the possibility of bonuses, an increase of $19,000 compared to his previous income. The record does not indicate the move and salary increase were contemplated by the decretal court. *See In re Marriage of Thielges*, 623 N.W.2d 232, 235 (Iowa Ct. App. 2000) (holding mother's move to North Dakota constituted a substantial change in circumstances not contemplated by the decretal court). Tracy is also remarried, and though his new wife's income is not substantial, she can nonetheless contribute to their living expenses. All of these changes are permanent and continuous. *See Maher*, 596 N.W.2d at 565. Other

---

[2] The district court stated Tracy's obligation under the guidelines is $934. The court did not explain how it arrived at this finding.

than Tracy's testimony that the cost of living is higher in Georgia, there is no support in the record for a downward deviation from the guidelines. Therefore, we conclude Tracy's child support obligation should be modified to comply with the current guidelines. Consequently, the district court failed to do equity when determining a substantial change in circumstances did not occur, and we remand the case back to the district court to calculate Tracy's child support obligation under the current guidelines. *See id.*

**IV. Transportation Costs**

Tanya also argues the district court improperly concluded Tracy should not have to pay all of the costs of transporting the three children to and from his home for his visitation in the summer months. Tracy's income is nearly four times that of Tanya's. Though we understand the need to relocate for one's career, the move was nonetheless Tracy's sole decision, and given the parties' relative income, the resulting cost of transporting the children should not fall on Tanya. We therefore conclude the district court failed to do equity when it ordered Tanya to pay for the children's transportation costs when the children travel from Georgia back to Iowa. *See generally In re Marriage of Beecher*, 582 N.W.2d 510, 514 (Iowa 1998) (concluding that a downward departure from the child support guidelines was not justified even though father was bearing eighty percent of transportation costs for the children, noting that a move to California was for his personal benefit). Consequently, Tracy will be responsible for all transportation costs regarding the children's visits to Georgia.

**V. Orthodontic Braces**

Tanya further claims the court improperly concluded Tracy was not responsible for paying for the minor child's orthodontic braces. The court ordered Tracy to obtain dental insurance as soon as it became available to him, ostensibly so K.G. could be fitted for braces within a reasonable time. Tanya requests Tracy "immediately" secure insurance or pay any out of pocket costs associated with orthodontic care. We conclude that equity demands the parties shall each pay one-half of the uncovered costs associated with the child's orthodontic care, regardless of whether Tracy has secured orthodontic insurance.

**VI. Attorney Fees**

Tanya's final claim asserts the district court should have awarded her trial attorney fees. We review the district court's decision on whether or not to award attorney fees for an abuse of discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). We consider the needs of the party making the request and the ability of the other party to pay. *Id.* In light of these considerations, the district court did not abuse its discretion when ordering each party to pay their own attorney fees.

Tanya also requests that we award her appellate attorney fees. An award of appellate attorney fees is not a matter of right but rests within our discretion. *In re Marriage of Scheppele*, 524 N.W.2d 678, 680 (Iowa Ct. App. 1994). In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial

court on appeal.  *Id.*  After considering these factors, we award Tanya $2000 in appellate attorney fees.

Having reviewed Tanya's arguments on appeal, we affirm the denial of Tanya's trial attorney fees.  However, we reverse the court's determination that Tanya must pay for the children's transportation costs from Georgia to Iowa, and Tracy will be responsible for all such expenses.  With regard to Tracy's child support obligation, we conclude a substantial change in circumstances occurred, and we remand the case back to the district court for the calculation of Tracy's obligation under the current guidelines, with no downward deviation.  The parties shall each be responsible for one-half of the child's uncovered orthodontic care.

Costs assessed to Tracy.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**